UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD OWENS,<br><br>     Petitioner,<br><br> v.<br><br>WARDEN DONNELLY,<br><br>     Respondent. | ) 1:12-cv—00154-SKO-HC<br>)<br>) ORDER TO PETITIONER TO SHOW CAUSE<br>) IN THIRTY (30) DAYS WHY THE<br>) PETITION SHOULD NOT BE DISMISSED<br>) FOR PETITIONER'S FAILURE TO<br>) EXHAUST STATE REMEDIES<br>) (Doc. 1)<br>)<br>)<br>)<br>) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's petition, which was filed in this Court on February 2, 2012.

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the

1

petitioner is not entitled to relief in the district court...."
Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
1990).  Habeas Rule 2(c) requires that a petition 1) specify all
grounds of relief available to the Petitioner; 2) state the facts
supporting each ground; and 3) state the relief requested.
Notice pleading is not sufficient; rather, the petition must
state facts that point to a real possibility of constitutional
error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition
that are vague, conclusory, or palpably incredible are subject to
summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
Cir. 1990).

        Further, the Court may dismiss a petition for writ of habeas
corpus either on its own motion under Habeas Rule 4, pursuant to
the respondent's motion to dismiss, or after an answer to the
petition has been filed.  Advisory Committee Notes to Habeas Rule
8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
(9th Cir. 2001).

        II.  Exhaustion of State Court Remedies

        A petitioner who is in state custody and wishes to challenge
collaterally a conviction by a petition for writ of habeas corpus
must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
The exhaustion doctrine is based on comity to the state court and
gives the state court the initial opportunity to correct the
state's alleged constitutional deprivations.  Coleman v.
Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

2

1  518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir.
2  1988).

3       A petitioner can satisfy the exhaustion requirement by
4  providing the highest state court with the necessary jurisdiction
5  a full and fair opportunity to consider each claim before
6  presenting it to the federal court, and demonstrating that no
7  state remedy remains available.  <u>Picard v. Connor</u>, 404 U.S. 270,
8  275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir.
9  1996).  A federal court will find that the highest state court
10  was given a full and fair opportunity to hear a claim if the
11  petitioner has presented the highest state court with the claim's
12  factual and legal basis.  <u>Duncan v. Henry</u>, 513 U.S. 364, 365
13  (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10
14  (1992), <u>superceded by statute as stated in</u> <u>Williams v. Taylor</u>,
15  529 U.S. 362 (2000) (factual basis).

16       Additionally, the petitioner must have specifically told the
17  state court that he was raising a federal constitutional claim.
18  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669
19  (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala</u>
20  <u>v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>,
21  133 F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United
22  States Supreme Court reiterated the rule as follows:

23       In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971),
         we said that exhaustion of state remedies requires that
24       petitioners "fairly presen[t]" federal claims to the
         state courts in order to give the State the
25       "'opportunity to pass upon and correct' alleged
         violations of the prisoners' federal rights" (some
26       internal quotation marks omitted). If state courts are
         to be given the opportunity to correct alleged violations
27       of prisoners' federal rights, they must surely be
         alerted to the fact that the prisoners are asserting
28       claims under the United States Constitution. If a

                                    3

1
2
3

> habeas petitioner wishes to claim that an evidentiary
> ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment,
> he must say so, not only in federal court, but in state
> court.

4  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

5  further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.

6  2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th

7  Cir. 2001), stating:

8
9
10
11
12
13
14
15
16
17
18
19

> Our rule is that a state prisoner has not "fairly
> presented" (and thus exhausted) his federal claims
> in state court unless he specifically indicated to
> that court that those claims were based on federal law.
> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
> 2000). Since the Supreme Court's decision in Duncan,
> this court has held that the petitioner must make the
> federal basis of the claim explicit either by citing
> federal law or the decisions of federal courts, even
> if the federal basis is "self-evident," Gatlin v. Madding,
> 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
> Harless, 459 U.S. 4, 7... (1982)), or the underlying
> claim would be decided under state law on the same
> considerations that would control resolution of the claim
> on federal grounds, see, e.g., Hiivala v. Wood, 195
> F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
> 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
> at 865.
> ...
> In Johnson, we explained that the petitioner must alert
> the state court to the fact that the relevant claim is a
> federal one without regard to how similar the state and
> federal standards for reviewing the claim may be or how
> obvious the violation of federal law is.

20
21
22

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as

amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

2001).

23
24
25

> Where none of a petitioner's claims has been presented to

the highest state court as required by the exhaustion doctrine,

26  the Court must dismiss the petition.  Raspberry v. Garcia, 448

27  F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,

28  481 (9th Cir. 2001).  The authority of a court to hold a mixed

4

petition in abeyance pending exhaustion of the unexhausted claims
has not been extended to petitions that contain no exhausted
claims.  <u>Raspberry</u>, 448 F.3d at 1154.

Where some claims are exhausted and others are not (i.e., a
"mixed" petition), the Court must dismiss the petition without
prejudice to give Petitioner an opportunity to exhaust the
unexhausted claims if he can do so.  <u>Rose</u>, 455 U.S. at 510, 521-
22; <u>Calderon v. United States Dist. Court (Gordon)</u>, 107 F.3d 756,
760 (9th Cir. 1997), <u>en banc</u>, <u>cert. denied</u>, 118 S.Ct. 265 (1997);
<u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th  Cir. 1997),
<u>cert. denied,</u> 117 S.Ct. 1794 (1997).  However, the Court must
give a petitioner an opportunity to amend a mixed petition to
delete the unexhausted claims and permit review of properly
exhausted claims.  <u>Rose v. Lundy</u>, 455 U.S. at 520; <u>Calderon v.</u>
<u>United States Dist. Ct. (Taylor)</u>, 134 F.3d 981, 986 (9th Cir.
1998), <u>cert. denied</u>, 525 U.S. 920 (1998); <u>James v. Giles</u>, 221
F.3d 1074, 1077 (9th Cir. 2000).

Here, Petitioner alleges that he is an inmate of the
California State Prison at Lancaster, California, serving a
sentence of twenty-five years to life imposed in 2009 in the
Kings County Superior Court for assault by means of great bodily
injury in violation of Cal. Pen. Code § 4501.  (Pet. 1.)

Petitioner alleges two claims in the petition:  1) he was
denied his Sixth Amendment right to self-representation; and 2)
his right to the effective assistance of trial counsel was
violated because trial counsel failed to interview the victim
before trial.  (Pet. 4.)

Petitioner alleged that he raised his claim concerning self-

representation on appeal and before the California Supreme Court.
(Pet. 2.)  However, Petitioner did not allege that he presented
his claim concerning the ineffective assistance of counsel to the
California Supreme Court.  Further, he indicated that other than
a direct appeal, he had not previously filed any petitions or
applications with respect to the judgment in question.  It,
therefore, appears that the self-representation issue was
presented to the highest state court, but it does not appear that
state court remedies were exhausted as to the issue of
ineffective assistance of counsel.

Accordingly, upon review of the instant petition for writ of
habeas corpus, it appears that Petitioner has not presented at
least one of his claims to the California Supreme Court.  If
Petitioner has not presented all of his claims to the California
Supreme Court, the Court cannot proceed to the merits of those
claims. 28 U.S.C. § 2254(b)(1).  It is possible, however, that
Petitioner has presented all his claims to the California Supreme
Court but has simply neglected to inform this Court.

Thus, Petitioner must inform the Court if his claim
concerning the ineffective assistance of counsel has been
presented to the California Supreme Court, and if possible,
provide the Court with a copy of the petition filed in the
California Supreme Court, along with a copy of any ruling made by
the California Supreme Court.  Without knowing what claims have
been presented to the California Supreme Court, the Court is
unable to proceed to the merits of the petition.

III. <u>Order to Show Cause</u>

Accordingly, Petitioner is ORDERED to show cause why the

petition should not be dismissed for Petitioner's failure to exhaust state remedies as to all his claims.  Petitioner is ORDERED to inform the Court within thirty (30) days of the date of service of this order whether or not his claim concerning ineffective assistance of counsel has been presented to the California Supreme Court.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:    February 20, 2012**              /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE