UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD OWENS, | ) | 1:12-cv—00154-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | FOR AN INJUNCTION (DOC. 7) |
| v. | ) | |
| | ) | |
| WARDEN DONNELLY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on February 9, 2012 (doc. 5). Pending before the Court is Petitioner's motion for an injunction, which was filed on March 8, 2012.

I. Background

Petitioner, who alleged that he was incarcerated at the California State Prison at Los Angeles, filed a petition on

1

February 2, 2012, alleging violations of his constitutional rights in connection with his Kings County trial on a charge of violating Cal. Pen. Code § 4501. (Pet. 1.)  On February 21, 2012, the Court issued an order to Petitioner to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies as to one of his claims.

II.  <u>The Motion for Injunctive Relief</u>

In his motion, Petitioner alleges that he has been subjected to harassment by custodial staff, such as putting unspecified "stuff" in Petitioner's food and water, not allowing him to receive incoming mail other than legal mail, and placing him in administrative segregation.  (Mot. 1.)  Petitioner attaches to his motion a program review form from November 2011, which pertains to Petitioner's housing and appears to reflect that he was to stay thirty days in administrative segregation pending completion of closure documentation, and was then to be double celled.  Petitioner seeks an order to transfer Petitioner to a safe environment and to be placed into protective custody pending transfer.

With respect to Petitioner's motion for injunctive relief, it is clear that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.

It is established that relief by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 extends to a prisoner who shows that the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  <u>Badea v. Cox</u>, 931

1  F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriquez, 411
2  U.S. 475, 485 (1973)); advisory committee note to Rule 1 of the
3  Rules Governing Section 2254 Cases (Habeas Rules), 1976 adoption.
4      In contrast, a civil rights action pursuant to 42 U.S.C.
5  § 1983 is the proper method for a prisoner to challenge the
6  conditions of that confinement.  McCarthy v. Bronson, 500 U.S.
7  136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
8  574; advisory committee note to Habeas Rule 1, 1976 adoption.
9      Because Petitioner seeks to challenge the conditions of his
10 confinement, and not the legality or duration of his confinement,
11 these particular claims are cognizable in a civil rights action
12 rather than a petition for writ of habeas corpus.  Accordingly,
13 the motion for injunctive relief is DENIED.

15 IT IS SO ORDERED.

16 **Dated:   March 20, 2012**              /s/ Sheila K. Oberto
17                                    UNITED STATES MAGISTRATE JUDGE