UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD OWENS, | ) | 1:12-cv—00154-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING THE CLERK TO SEND |
| | ) | TO PETITIONER AN APPLICATION TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| v. | ) | |
| | ) | ORDER DIRECTING PETITIONER TO |
| WARDEN DONNELLY, | ) | FILE NO LATER THAN THIRTY (30) |
| | ) | DAYS AFTER SERVICE OF THIS ORDER |
| Respondent. | ) | A STATEMENT OF INTENTION TO |
| | ) | PROCEED WITH EITHER HIS HABEAS |
| | ) | PETITION, OR, IN THE ALTERNATIVE, |
| | | HIS CIVIL RIGHTS COMPLAINT |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on February 9, 2012 (doc. 5). Pending before the Court is Petitioner's petition, which was filed on February 2, 2012, as well as a civil rights complaint, which was filed in this action on April 18, 2012.

1

In the habeas petition, Petitioner alleged that he was an inmate of the California State Prison at Lancaster, California, serving a sentence of twenty-five years to life imposed in 2009 in the Kings County Superior Court for assault by means of great bodily injury in violation of Cal. Pen. Code § 4501. (Pet. 1.)

Petitioner alleged two claims in the petition: 1) he was denied his Sixth Amendment right to self-representation; and 2) his right to the effective assistance of trial counsel was violated because trial counsel failed to interview the victim before trial. (Pet. 4.)

On February 21, 2012, the Court issued an order to Petitioner to show cause within thirty days why the petition should not be dismissed for failure to exhaust state court remedies as to both claims. On March 22, 2012, Petitioner filed a response, styled as a motion to show cause, in which he admitted that he had not presented his claim concerning the ineffective assistance of counsel to the California Supreme Court. (Doc. 12, 2.)

However, before the Court issued a screening order concerning Petitioner's failure to exhaust all claims in the petition, Petitioner filed in this action a prisoner civil rights complaint pursuant to 42 U.S.C. section 1983. (Doc. 14.) In the complaint, Petitioner complains of conditions of confinement based on the conduct of prison staff, including placing harmful chemicals in his food and water, removing personal legal material from his cell, interfering with his receipt of mail, and threatening to cause Petitioner to have a heart attack. (Id. at 3, 6-9.) Petitioner seeks compensation, an investigation into

2

the alleged staff misconduct, and injunctive relief in the form of "protected custody" pending transfer (apparently a reference to transfer to another custodial institution). (Id. at 3.)

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.

It is unclear whether Petitioner intends to proceed in this action with his habeas petition, or with his civil rights complaint. Petitioner cannot proceed with both a habeas petition and a civil rights complaint. Further, the Court cannot proceed to screen Petitioner's petition or complaint without knowing which type of proceeding Petitioner chooses to proceed with in this action.

If Petitioner chooses to proceed with his habeas corpus petition, his civil rights complaint will be deemed withdrawn and will be disregarded in this action; Petitioner may proceed on his own to file his complaint in a separate action. If Petitioner chooses to proceed with his civil rights complaint, his habeas corpus petition will be deemed superseded by the filing of the complaint, and the action will be re-designated as a civil rights

3

action.

In the event that Petitioner chooses to proceed on the civil rights complaint, he is informed although this Court has authorized Petitioner to proceed in forma pauperis in this action with respect to a habeas petition, this authorization will not apply to a civil rights action. In a civil rights action, the plaintiff must either pay the filing fee in full[1] or file an application to proceed in forma pauperis. Therefore, either the fee or an application to proceed in forma pauperis with respect to a civil rights action must be submitted along with a complaint.

Accordingly, it is ORDERED that:

1) The Clerk shall SEND to Petitioner with this order a blank in forma pauperis application for use in connection with the filing of a civil rights complaint; and

2) No later than thirty (30) days after the date of service of this order, Petitioner shall FILE a statement of intention to proceed in this action with his habeas corpus petition or, in the alternative, with his civil rights complaint; and

3) If Petitioner chooses to proceed in this action with the civil rights complaint, Petitioner shall FILE a completed in forma pauperis application along with his statement of intention; and

4) Petitioner is INFORMED that a failure to comply with this order in a timely fashion will be considered to be a failure to comply with an order of the Court and will result in the

---

[1] The filing fee for a civil rights action is $350. 28 U.S.C. sec. 1914(a).

4

dismissal of this action.

IT IS SO ORDERED.

**Dated:    May 2, 2012**                              /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE